# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KELLEY JOSEPH LEGRAND,<br><br>Defendant. | Criminal No. 04-38(1) (JRT/RLE)<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Kelley Joseph LeGrand, No. 11386-041, U.S.P. Canaan, P.O. Box 300, Waymart, PA 18472, *pro se*.

Carol M. Kayser, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 404 United States Courthouse, 316 North Robert Street, St. Paul, MN 55101, for plaintiff.

Defendant Kelley Joseph LeGrand is currently serving a 235-month term of imprisonment for drug-related offenses. LeGrand now brings a 28 U.S.C. § 2255 motion challenging his sentencing, under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because the Supreme Court recently decided *Johnson*'s holding does not extend to the United States Sentencing Guidelines Manual ("Guidelines"), the Court will deny LeGrand's motion to vacate and motion to appoint counsel.

## BACKGROUND

On April 21, 2004, a jury found LeGrand guilty of one-count Conspiracy to Distribute Methamphetamine and one-count Aiding and Abetting, Possession with Intent to Distribute Methamphetamine. LeGrand filed a motion for a new trial, which the Court

denied on May 20, 2004.  On December 30, 2004, the Court sentenced LeGrand to 262 months imprisonment on each count to be served concurrently and denied LeGrand's motion for a downward departure.

LeGrand appealed the application and constitutionality of the Guidelines.  The Eighth Circuit reversed LeGrand's sentence in light of *United States v. Booker*, 543 U.S. 220 (2005), and remanded for resentencing.  (J. of USCA, Apr. 22, 2005, Docket No. 129.)  On September 8, 2005, the Court resentenced LeGrand to 235 months imprisonment on each count to be served concurrently.  LeGrand again appealed the application of the Guidelines.  The Eighth Circuit affirmed this Court's sentence, and the Supreme Court denied LeGrand's petition for writ of certiorari.  *United States v. LeGrand*, 468 F.3d 1077 (8th Cir. 2006), *cert. denied*, 551 U.S. 1109 (2007).

On February 29, 2016, LeGrand filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to § 2255.[1]  (Pro Se Mot. to Vacate, Feb. 29, 2016, Docket No. 179.)  LeGrand also filed a motion to appoint counsel on March 24, 2017.  (Pro Se Mot. to Appoint Counsel, Mar. 24, 2017, Docket No. 185.)

## ANALYSIS

I.     **MOTION TO VACATE**

Section 2255 allows a federal prisoner a limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the

---

[1] The Court stayed consideration of LeGrand's motion pending the Supreme Court's consideration of *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015).  (Order to Stay Mot., Feb. 27, 2017, Docket No. 184.)  The Supreme Court issued an opinion on March 6, 2017.  *Beckles v. United States*, 137 S. Ct. 886 (2017).

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

The United States argues that LeGrand's current challenge that his attempted third-degree burglary conviction was not a "crime of violence" has already been "raised and decided on direct appeal," and, as such, "cannot ordinarily be relitigated in a collateral proceeding based on . . . § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

LeGrand previously appealed the Court's finding that he was a career offender under U.S.S.G. § 4B1.1, arguing that his prior Minnesota conviction for attempted third-degree burglary was not a "crime of violence." *LeGrand*, 468 F.3d at 1081. The Eighth Circuit rejected LeGrand's challenge, holding that attempted third-degree burglary qualified as generic burglary under *Taylor v. United States*, 495 U.S. 575 (1990), and noting that, in the Eighth Circuit, generic burglaries qualify as "crimes of violence" under "the 'otherwise involves' provision of [U.S.S.G.] § 4B1.2(a)(2)." *LeGrand*, 468 F.3d at 1081-82. Thus, the Eighth Circuit held LeGrand's attempted third-degree burglary conviction satisfied the "residual clause," because a generic burglary conviction "always

has a 'serious potential risk of physical injury to another'" and, thus, was a "crime of violence" under the Guidelines.  *Id.* at 1082.

LeGrand argues that, even though he raised the issue of whether attempted third-degree burglary was a "crime of violence" on direct appeal, the Supreme Court's decision in *Johnson* is an intervening change in the law that warrants collateral proceedings under § 2255.  The Court is permitted under § 2255 to reconsider an issue raised on direct appeal if there is an intervening change in the law.  *See English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993).

In *Johnson*, the Supreme Court held a residual clause in the Armed Career Criminal Act ("ACCA"), similar to that found in the § 4B1.2(a)(2), was unconstitutionally vague.  135 S. Ct. at 2556-57.  However, the Supreme Court recently rejected extending the *Johnson* holding to § 4B1.2(a)(2), reasoning that the Guidelines were "not subject to vagueness challenges under the Due Process Clause."  *Beckles v. United States*, 137 S. Ct. 886, 890 (2017).  *Johnson*, therefore, does not apply to the Guidelines and LeGrand has not asserted a change in the law sufficient to warrant relief under § 2255.

LeGrand's citation to *United States v. McArthur*, No. 14-3335 *et al.*, 2017 WL 744032 (8th Cir. Feb. 23, 2017), is similarly inapposite as it applied *Johnson* in the context of the ACCA.  In *McArthur*, the Eighth Circuit compared the elements of Minnesota's third-degree burglary statute to generic burglary and found it was not a "violent felony" under the ACCA.  *Id.* at *8.  However, the *McArthur* court reached this conclusion because *Johnson* precluded any reliance on the ACCA's residual clause.  *Id.*;

*see also LeGrand*, 468 F.3d at 1082 (relying on the residual clause in the Guidelines). Because *McArthur* applied *Johnson* based on the holding that the residual clause was unconstitutionally vague under the ACCA, the decision does not extend to the Guidelines. *See Beckles*, 137 S. Ct. at 890 (upholding the residual clause under the Guidelines).

Accordingly, there has been no qualifying change in the law affecting LeGrand's sentence, and the Court will deny LeGrand's motion. Relatedly, because the Court finds no merit to LeGrand's petition, the Court will deny LeGrand's motion to appoint counsel. *See* 18 U.S.C. § 3006A(a)(2)(B) (providing for counsel where "the interests of justice so require"); *Abdullah v. Norris*, 18 F.3d 571, 573-74 (8th Cir. 1994) (same).

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds it unlikely that another court would decide the issues raised in LeGrand's motion differently. The Court therefore concludes that LeGrand has failed to make the required substantial showing of the denial of a constitutional right and, thus, denies a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. LeGrand's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 179] is **DENIED**.

2. LeGrand's Motion to Appoint Counsel [Docket No. 185] is **DENIED.**

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 24, 2017          ____s/ John R. Tunheim____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                                 Chief Judge
                                     United States District Court